UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-369-MOC

| | |
|---|---|
| KEVIN FONSECA, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TEAMSTERS LOCAL UNION 71, ) | |
| ERNEST WRENN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Judgment on the Pleadings, (Doc. No. 29).

I.     **BACKGROUND AND DISCUSSION**

Pro se Plaintiff Kevin Fonseca has filed numerous lawsuits related to his brief employment with the American Red Cross. The American Red Cross hired Plaintiff in 2015 and terminated his employment on two separate occasions. The American Red Cross first fired him in 2017. Defendant Teamsters Local Union 71 (the "Union"), his labor union, successfully challenged his termination at arbitration and secured his reinstatement. The American Red Cross fired him again two years later in 2019.

The Union again challenged his termination and fought for his reinstatement at a five-day arbitration held in late 2020. An Arbitrator upheld his discharge. Plaintiff has since filed numerous lawsuits in state court, federal court, and federal administrative agencies. Depending on the forum, Plaintiff has contended he was discriminated against because the Union successfully fought against his first termination, Doc. No. 1 ("Compl.") ¶ 45; because of personal animosity, Compl. ¶ 44; because he threatened to sue the Union, Compl. ¶ 45; because of his

1

race, Fonseca v. Am. Nat'l Red Cross, Case No. 3:20-cv-620-RJC-DSC; because of his age, id.; and because he complained about sexual harassment, id. Indeed, in another lawsuit filed by Plaintiff, on November 4, 2021, Magistrate Judge David Cayer recommended that this Court issue a pre-filing injunction against Plaintiff as a vexatious litigant. See Memorandum & Recommendation, Fonseca v. Am. Nat'l Red Cross, No. 3:20-CV-526-RJC-DSC, (W.D.N.C. Nov. 4, 2021) (Doc. No 13).

In this lawsuit, Plaintiff alleges that the Union, despite fighting for his reinstatement on two separate occasions, was unlawfully targeting him for mistreatment. Defendant contends that Plaintiff's complaint fails to state a claim for relief and has therefore filed the pending motion for judgment on the pleadings.

In response to the motion for judgment on the pleadings, Plaintiff asserts that if the Court is inclined to grant Defendant's motion for judgment on the pleadings, then he would like an opportunity to amend his Complaint. Defendants argue that the Court should not allow Plaintiff to amend his Complaint because any amendment would be futile because "Plaintiff's claims are both time-barred and squarely defeated by the Arbitrator's award."

Leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). The Court has read the parties' briefs, and it does appear that Plaintiff's action is subject to dismissal for the reasons stated in Defendant's brief. Nevertheless, in an abundance of caution, the Court will allow Plaintiff to amend his Complaint once.

Therefore, Plaintiff shall have thirty days to amend his Complaint. If Plaintiff fails to file an Amended Complaint within the time period, the Court will address Defendant's pending

2

motion for judgment on the pleadings based on the allegations in the original Complaint.

**IT IS SO ORDERED.**

Signed: January 25, 2022

*[Signature]*

Max O. Cogburn Jr.
United States District Judge